UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JAVIER BARRAGAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN WILLIAM SULLIVAN,<br><br>Respondent. | Case No. 17-cv-00776-NJV<br><br>**ORDER GRANTING MOTION FOR STAY AND ABEYANCE**<br><br>Re: Dkt. No. 2 |

Petitioner, who has consented to magistrate judge jurisdiction, has filed a motion to stay this petition to exhaust an unexhausted claim not contained in the present petition. (Doc. 2.) Petitioner states that since his case became final, the California Supreme Court decided *People v. Sanchez*, 63 Cal. 4th 665, wherein the court held that where "case-specific" statements were related by a prosecution's gang expert, presenting them as true statements of facts without independent proof, they would be treated as hearsay requiring compliance with state evidence rules and if the statements were made to the police, they would also be "testimonial hearsay" subject to the Sixth Amendment confrontation clause. *Sanchez* defined case-specific facts as "those relating to the particular events and participants alleged to have been involved in the case being tried." (*Id*. at p. 676.)

Petitioner claims that here, prosecution expert Chris Gridley testified extensively regarding case specific hearsay, including petitioner's prior juvenile adjudication for attempted murder. Petitioner contends that the admission of this testimony violated his Sixth Amendment right to counsel. Petitioner explains that because *Sanchez* was decided after petitioner's case became final, the issue was not previously raised in state court.

The United States Supreme Court has held that a district court may stay mixed habeas petitions to allow the petitioner to exhaust in state court. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). A district court also has the discretion to stay a petition containing only unexhausted claims under the circumstances set forth in *Rhines. Mena v. Long*, 813 F.3d 907, 909 (9th Cir. 2016). Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. *Id.* Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." Id. at 278.2

*Rhines* requires a showing of "good cause." *Dixon v. Baker*, No. 14-16644, slip op. at 10 (9th Cir. Feb. 2, 2017). While this is a lesser standard than "extraordinary circumstances," a petitioner "must do more than simply assert that he was 'under the impression' that his claim was exhausted." *Id*. (quoting *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008)). "The caselaw concerning what constitutes 'good cause' under *Rhines* has not been developed in great detail." *Id.* "The Supreme Court has addressed the issue only once, when it noted that a 'petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.'" *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*, 544 U.S. at 278)). "Other circuits have found good cause when, for example, the prosecution has wrongfully withheld information." *Id*. (citing *Jalowiec v. Bradshaw*, 657 F.3d 293, 304-05 (6th Cir. 2011)).

"A petitioner has been found to demonstrate 'good cause' where he meets the good-cause standard announced in *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012)." *Blake v. Baker*, 745 F.3d 977, 984 (9th Cir. 2014). Therefore, good cause under *Rhines* when based on ineffective assistance of counsel is not any more demanding than the cause standard articulated in Martinez, to excuse state procedural default. *Blake*, 745 F.3d at 984. An assertion of good cause turns on whether the petitioner can set forth a reasonable excuse supported by sufficient evidence to justify the failure to exhaust. *See id*. at 983-84 (reversing denial of stay when petitioner supported his

2

1 good cause argument with evidence including a neuropsychological and psychological evaluation
2 and many declarations); *see also Wooten*, 540 F.3d at 1024 (upholding denial of stay because
3 petitioner's incorrect "impression" that counsel had raised claims to the California Supreme Court
4 on direct appeal did not establish good cause under *Rhines* for failure to exhaust claims earlier.)

5 Here, the court finds that Petitioner has demonstrated good cause for failure to exhaust his
6 claim before filing this petition because *Sanchez*, the case on which he relies, was decided after
7 Petitioner's case became final. The court further finds that Petitioner's claim is potentially
8 meritorious.

9 Accordingly, Petitioner's motion for stay and abeyance is HEREBY GRANTED.
10 Petitioner SHALL FILE his unexhausted claim in state court within thirty days, and file a notice in
11 this court within thirty days of a final decision by the state courts on that claim. *See Kelly*, 315
12 F.3d at 1070.

13 **IT IS SO ORDERED**.

14 Dated: May 1, 2017

NANDOR J. VADAS
United States Magistrate Judge